**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0925-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON MITTLEMAN,

    Defendant-Appellant.

_____

Argued April 6, 2022 – Decided June 22, 2022

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 19-12-1028.

Scott M. Welfel, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Scott M. Welfel, on the briefs).

Paula Jordao argued the cause for respondent (Robert J. Carroll, Morris County Prosecutor, attorney; Paula Jordao, on the brief).

PER CURIAM

Defendant Jason Mittleman appeals from an order denying his motion to compel his admission into the Pretrial Intervention Program (PTI) over the prosecutor's objection. Because the Law Division correctly determined that the prosecutor's decision was not a patently gross abuse of discretion, we affirm.

Defendant is a chiropractor. In 2017, he was working at the Denville Medical and Sports Rehabilitation Center where he stole another doctor's prescription pad. Over the next twenty-two months, defendant submitted false prescriptions to obtain thousands of oxycodone pills.

Defendant's theft and fraud came to light in 2019. During the ensuing police investigation, defendant admitted he stole the prescription pad, fraudulently filled out numerous prescriptions, and used those prescriptions to obtain oxycodone.

Defendant was indicted for third-degree obtaining oxycodone by fraud, N.J.S.A. 2C:35-13; third-degree forgery, N.J.S.A. 2C:21-1(a)(3); third-degree insurance fraud, N.J.S.A. 2C:21-4.6(a)(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7(a); and fourth-degree tampering with or fabricating physical evidence, N.J.S.A. 2C:28-6(1).

Defendant applied for admission into the PTI program. The Morris County Prosecutor's Office rejected his application and set forth the reasons for

that decision in a February 4, 2020 letter. In that letter, an assistant prosecutor reviewed the seventeen factors set forth in N.J.S.A. 2C:43-12(e), found ten aggravating factors, considered several mitigating factors, but determined that defendant was not a suitable candidate for the PTI program.

Defendant filed a motion with the Law Division to compel his admission into PTI over the prosecutor's objection. On August 12, 2020, a Law Division judge heard arguments on that motion, denied the motion, and set forth the reason for that decision on the record. That same day, the Law Division judge entered an order denying defendant's motion to compel his entry into the PTI program.

The following month, defendant pled guilty to third-degree insurance fraud. In accordance with the plea agreement, defendant was sentenced to one year probation with a condition that he surrender his chiropractic license during the probationary period. The other charges against defendant were dismissed.

Defendant now appeals from the order denying his motion to compel his entry into the PTI program. He argues:

> THE PROSECUTOR'S REJECTION OF DEFENDANT'S APPLICATION TO THE PRE-TRIAL INTERVENTION PROGRAM WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

A-0925-20

> A. The State's Rejection of [Defendant's] PTI Application Was Based On Four Erroneous Factual Assertions And One Speculation With No Basis In The Record.
>
> B. The State Articulated A Per Se Policy Of Rejecting Licensed Professionals Whose Crimes Involved An Exploitation Of Their Licenses Though [Defendant's] Offense Involved No Such Exploitation of His Chiropractor's License.

We reject these arguments because they are not supported by the record.

PTI "is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Oguta, 468 N.J. Super. 100, 107 (App. Div. 2021) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). The program is governed by statute and court rule. N.J.S.A. 2C:43-12; R. 3:28-1 to -10. N.J.S.A. 2C:43-12(e) "sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application." Oguta, 468 N.J. Super. at 107 (quoting State v. Johnson, 238 N.J. 119, 128 (2019)). These statutory factors assist the prosecutor in making "an individualized assessment of the defendant considering his or her amenability to correction and potential responsiveness to rehabilitation." State v. Roseman, 221 N.J. 611,

4

621-22 (2015) (internal quotation marks omitted) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

Both the statute and the court rules call for prosecutors to consider the nature of the offense. See N.J.S.A. 2C:43-12(e)(1); R. 3:28-4(b)(1). "If the crime was . . . a breach of the public trust where admission to a PTI program would deprecate the seriousness of [the] crime, the defendant's application should generally be rejected." R. 3:28-4(b)(1).

Deciding whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "[P]rosecutors are granted broad discretion to determine if a defendant should be diverted" to PTI instead of being prosecuted. State v. K.S. 220 N.J. 190, 199 (2015) (citing Wallace, 146 N.J. at 582); see also State v. Negran, 178 N.J. 73, 82 (2003) (stating that courts must "allow prosecutors wide latitude"). Accordingly, "the scope of [judicial] review is severely limited." Negran, 178 N.J. at 82 (citing Nwobu, 139 N.J. at 246). "[T]o overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" Watkins, 193 N.J. at 520 (quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007)). A patent and gross abuse of discretion is a decision that

"has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice requires judicial intervention." Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83).

Defendant first contends that the prosecutor made several inaccurate factual conclusions in his analysis of the statutory factors. In that regard, defendant asserts that the prosecutor incorrectly concluded that (1) he stole the prescription pad instead of obtaining valid prescriptions for mere convenience; (2) defendant had a prescription for oxycodone after he had been arrested on the criminal charges; (3) defendant did not suffer from substance abuse; (4) defendant gave his girlfriend some of the fraudulently obtained oxycodone; and (5) defendant's use of the oxycodone placed his chiropractic patients at risk.

Defendant's contentions are either not supported by the record or are inaccurate descriptions of the prosecutor's position. There is nothing in the record establishing that defendant had a lawful prescription for oxycodone. The material fact, which was undisputed, was that defendant fraudulently obtained oxycodone.

The prosecutor also considered defendant's use of the oxycodone. In that regard, the prosecutor noted that defendant claimed he had ceased using oxycodone voluntarily and, therefore, the State noted that there was no clear

demonstration of an addiction that could be better treated through rehabilitative programs like PTI.

There is nothing in the record indicating that the State incorrectly believed that defendant provided oxycodone pills to his girlfriend. Instead, the prosecutor in his rejection letter noted that defendant admitted to using his former girlfriend's name on forged prescriptions so that he could obtain more prescriptions for himself. The prosecutor also pointed out that defendant admitted that sometimes he distributed the oxycodone pills to other individuals.

Finally, there is nothing in the record supporting defendant's argument that the State engaged in speculation concerning risk to defendant's patients. Records recovered during the criminal investigation showed that defendant received fraudulent prescriptions of oxycodone from April 2017 until February 2019. During that same period, he was treating patients. Accordingly, it is not pure speculation that defendant's unprescribed use of oxycodone could have placed his patients at risk.

In short, we reject defendant's arguments concerning factual errors by the prosecutor because those arguments are not supported by the record. The record does support that the prosecutor properly considered the relevant statutory factors and found ten aggravating factors. The prosecutor also noted that there

A-0925-20

were several mitigating factors, including defendant's lack of a criminal history, the absence of violence in the commission of the crime, and the absence of evidence suggesting defendant's involvement with organized crime. See N.J.S.A. 2C:43-12(e)(9), (10), and (13). The prosecutor then weighed the aggravating factors against the mitigating factors and determined that defendant should not be admitted into the PTI program. We agree with the Law Division judge that the prosecutor's determination was not a patent and gross abuse of discretion.

Second, defendant argues that the State used a per se policy of rejecting licensed professionals whose crimes involved the exploitation of their license. That contention is also not supported by the record. The prosecutor did not refer to a per se rule nor did the prosecutor place undue weight on defendant's position as a licensed chiropractor. Although defendant's employment as a chiropractor was considered, the prosecutor did not apply a per se rule. Instead, as already noted, the prosecutor analyzed the criteria under the statute and the related guidelines.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0925-20